Argued and submitted May 20, 1987, affirmed February 10, 1988

# POUNDS,
*Respondent,*

*v.*

# BOARD OF TRUSTEES
of the Fire and Police Disability
and Retirement Fund,
*Appellant.*

(A8509-05505; CA A40371)

749 P2d 1227

William R. Selby, Senior Deputy City Attorney, Portland, argued the cause and filed the briefs for appellant.

James S. Coon, Portland, argued the cause for respondent. With him on the brief was Imperati, Barnett, Sherwood & Coon, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant Board appeals a judgment holding that it improperly denied plaintiff's application for widow's service pension benefits and ordering it to grant her a pension. We affirm.

Officer Pounds, a Portland police officer, who was off duty on July 18, 1984, was required to appear at the Multnomah County Courthouse at 10:30 a.m. to testify as a police officer in a criminal case. He left his home in Clackamas County between 8:30 and 8:45 a.m. to drive to downtown Portland. He was driving his personal vehicle and wearing a coat and tie, the attire required by the Police Bureau for court appearances, when he was killed in an automobile accident about one mile from his home. He was a member of the Fire and Police Disability, Retirement and Death Benefit Plan. His widow applied to the Board for benefits for herself and two dependent minor children. The Board denied plaintiff's application on the ground that her husband's death was not the result of an injury "suffered in line of duty" as required by section 5-117 of the Charter of the City of Portland.

The trial court reversed the decision of the Board, holding that it had improperly construed applicable law in denying plaintiff's application. The court reasoned that an off duty officer who is required to appear in court and is subject to sanctions for failing to appear is acting in the line of duty as he travels to the court appearance.

The governing law in this case is section 15-117 of the charter which provides, in relevant part:

> "If any member shall die prior to retirement from any injury suffered *in line of duty* * * * and shall leave a widow, said widow shall be entitled to benefits or pension, as herein provided, while remaining unmarried * * *
>
> "An additional percentage allowance for a dependent minor child or children shall be paid from the Fund to a widow qualified to receive benefits or pension under this section." (Emphasis supplied.)

The term "in line of duty" is defined in section 5-126 of the charter as follows:

> "8. The term 'in line of duty' shall mean those acts connected with or resulting from duties assigned, required or authorized of members of the Bureau of Police or Bureau of

Fire, as the case may be, which occur during the period of time which elapses *between the time a member reports for duty until the time he is relieved from duty, and any other time the member is performing fire or police duties for the City of Portland * * *.*" (Emphasis supplied.)

■ The Board argues that the court erred in holding that it improperly construed the charter provisions. It contends, citing *Springfield Education Assn. v. School District,* 290 Or 217, 621 P2d 547 (1980), that a reviewing court must defer to the Board's interpretation of the charter language, unless it is inconsistent with the policy expressed by the language. However, the Board's reliance on *Springfield* is misplaced. *Springfield* is not relevant to the scope of judicial review of a local government's interpretation of its own legislation. In *West Hills & Island Neighbors v. Multnomah Co.,* 68 Or App 782, 787, 683 P2d 1032, *rev den* 298 Or 150 (1984), we stated that *Springfield* establishes review principles to implement the legislature's allocation of interpretive authority between agencies and the courts, and that it did not provide broad standards of judicial review that are applicable outside that context. 68 Or App at 787. Certainly, some weight should be given to a local government's interpretation of its own legislation, but reviewing courts are not bound by those interpretations. The meaning of legislation is a question of law that ultimately the courts and other reviewing tribunals must decide. *See Gordon v. Clackamas County,* 73 Or App 16, 21, 698 P2d 49 (1985).

Section 5-126 provides for two situations in which injuries occur "in line of duty" for purposes of receiving benefits. The first is when a person, in connection with or as the result of his police duties, is injured between the time he "reports for duty until the time he is relieved from duty." That provision appears to be drafted to include a member's ordinary work day but to exclude commuting to and from work. The second situation in which an injury may occur in line of duty is "any other time" when a member "is performing * * * police duties for the City * * *." The instructive words are "any other time," which recognize that a service-related injury may occur when a member is not officially on duty but is, nevertheless, performing police duties and which acknowledge the special, unpredictable and emergency situations that are typical of police work.

■ ■    The Board argues that Pounds was not acting "in line of duty" at the time of the accident, because he was not officially on duty or otherwise performing police duties, but was commuting to work in order to commence the performance of police duties.[1] We conclude that Pounds was performing police duties as he traveled to the courthouse and, therefore, that he was acting "in line of duty." An officer's travel to an off duty court appearance is a sufficiently substantial part of the service he provides in making the off duty appearance to be viewed as part of his police duties. On the day when he was killed, he was officially off duty. He was not traveling between his usual place of work and his home, nor was he traveling at his usual commuting time. Rather, he was carrying out an order to appear at a location other than his normal one, at a designated time. His accident did not occur during his regular commute to report for duty. It occurred during the specified "other time" during which he was performing an activity both "connected with" and "resulting from" his duty to appear in court. But for his required court appearance, he would not have been traveling when and where he was at the time of the accident. Had he lived, he would have been compensated for a minimum of four hours work for the disruption and inconvenience associated with an officially required court appearance on his day off. Since a court appearance often did take significantly less than four hours, an officer was, in most instances, at least indirectly compensated for his travel time.

We conclude that Pounds was acting "in line of duty" at the time of the accident and, accordingly, we affirm the trial court's holding that his widow is entitled to pension benefits.

Affirmed.

---

[1] Both parties argue that workers' compensation law is applicable to our interpretation of the charter provision. It is true that workers of a city with a population greater than 200,000 are excepted from coverage under the Workers' Compensation Law, if the city provides by ordinance or charter *equivalent* compensation. ORS 656.027(6). However, although workers' compensation law may provide guidance, it does not follow that we are bound by such interpretations. We believe that it is appropriate in this case to base our interpretation on the language of the provision itself. Whether or not the city's compensation scheme is equivalent to that provided under the workers' compensation system is not an issue in this case.