Argued and submitted December 8, remanded for reconsideration
December 27, 1995, petition for review allowed by opinion May 2, 1996
See 323 Or 148, 915 P2d 407 (1996)

David HOLLAND,
*Petitioner,*

*v.*

CITY OF CANNON BEACH,
*Respondent.*

(95-049; CA A90660)

908 P2d 838

William C. Cox argued the cause and filed the brief for petitioner.

Daniel H. Kearns argued the cause for respondent. With him on the brief was Preston Gates & Ellis.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner seeks review of LUBA's affirmance of the City of Cannon Beach's denial of his subdivision application. Petitioner's principal argument is that the city violated ORS 227.173 and erred in other respects by basing its decision on policies in its comprehensive plan rather than standards and criteria set forth in its "development ordinance." LUBA rejected that argument and the others that petitioner made to it.

Petitioner argues to us, but did not contend to LUBA, that the city's use of the plan policies violates ORS 197.195(1). That statute provides:

> "A 'limited land use decision' shall be consistent with applicable provisions of city or county comprehensive plans and land use regulations. Such a decision may include conditions authorized by law. Within two years of September 29, 1991, cities and counties shall incorporate all comprehensive plan standards applicable to limited land use decisions into their land use regulations. A decision to incorporate all, some, or none of the applicable comprehensive plan standards into land use regulations shall be undertaken as a post-acknowledgment amendment under ORS 197.610 to 197.625. *If a city or county does not incorporate its comprehensive plan provisions into its land use regulations, the comprehensive plan provisions may not be used as a basis for a decision by the city or county or on appeal from that decision.*" (Emphasis supplied.)

The emphasized language was added to the statute by Oregon Laws 1995, chapter 595, section 1, and became effective after the city's decision but before LUBA's.

The parties agree that the city has not incorporated any of the plan standards that might be relevant here into its land use regulations. The question that petitioner raises is whether the words "or on appeal from [the local] decision" in the amendment apply to this case and have the effect that *LUBA* cannot *now* affirm the city's decision on the basis of plan provisions that the city itself could have used as the basis for its decision at the time it was made.

■ We first conclude that, although the question is a close one, petitioner's failure to make that argument to LUBA is not a fatal preservation problem. He has raised the

general issue of whether it was error for the city to apply the plan provisions, and the specific argument falls within the general issue that was raised. *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988).

■    On the merits, the question self-evidently is one of first impression that LUBA has not addressed. We remand for it to have that opportunity in the first instance. We note that, except as petitioner's other assignments might be affected by the one on which we remand, they provide no independent basis for reversal and do not warrant discussion.

Remanded for reconsideration.