On petition for review filed January 30, petition for review allowed; decision of
Court of Appeals vacated; case remanded to Court of Appeals for
further proceedings May 2, 1996
See 142 Or App 5, 920 P2d 562 (1996)

David HOLLAND,
*Respondent on Review,*

*v.*

CITY OF CANNON BEACH,
*Petitioner on Review.*

(LUBA 95-049; CA A90660; SC S43010)

915 P2d 407

Daniel Kearns, of Preston Gates & Ellis, Portland, filed
the petition for petitioner on review.

No appearance *contra*.

PER CURIAM

## PER CURIAM

This is a land use case. The relevant procedural facts are as follows.

Holland filed an application with the City of Cannon Beach (the City) to develop an 11-lot residential subdivision. The City denied that application, based on Holland's failure to demonstrate compliance with five policies in the City's comprehensive plan.

Holland appealed that decision to the Land Use Board of Appeals (LUBA), raising four assignments of error. Each assignment argued that the City had, in one way or another, misinterpreted or misapplied its own policies. LUBA affirmed the decision of the City.

After the case had been argued to LUBA, but before that body decided the issues, an amendment to ORS 197.195(1), relating to "limited land use decisions" by cities and counties, went into effect. That amendment, Oregon Laws 1995, chapter 595, section 1, added the following wording to the statute:

> "If a city or county does not incorporate its comprehensive plan provisions into its land use regulations, the comprehensive plan provisions may not be used as a basis for a decision by the city or county or on appeal from that decision."

The terms of that amendment accurately describe the relationship between the City's comprehensive plan and its land use regulations. LUBA did not mention the statute in its opinion, however.

Holland sought judicial review of LUBA's decision in the Court of Appeals. In addition to urging the same four assignments of error that he had argued to LUBA, Holland also argued to that court that, because of the recent amendment to ORS 197.195(1), the City was barred from defending its land use determination on the basis of its comprehensive plan. The City argued that Holland had not preserved that error for argument, but the Court of Appeals held that the argument was a permissible extension of those matters that

Holland had argued to LUBA. *Holland v. City of Cannon Beach,* 138 Or App 340, 342-43, 908 P2d 838 (1995).

With respect to the merits, the parties were divided over whether the amendment to ORS 197.195(1) applied to the present proceeding. The Court of Appeals chose not to address that question. Instead, it made the following disposition of the case:

> "On the merits, the question self-evidently is one of first impression that LUBA has not addressed. We remand [the case to LUBA] for it to have that opportunity in the first instance. We note that, except as [Holland's] other assignments might be affected by the one on which we remand, they provide no independent basis for reversal and do not warrant discussion."

*Id.* at 343.

From the foregoing decision, the City now seeks review by this court. The City reasons that, because determination of the applicability of the statutory amendment concerns only a purely legal question, unaffected by any special expertise that LUBA may possess, the Court of Appeals is the appropriate body to make that determination.

We agree. There are cases in which an agency's participation in the construction of a new statute, where that statute relates to the subject matter jurisdiction of the agency, can be useful. *See, e.g., Springfield Education Assn. v. School Dist.,* 290 Or 217, 221-30, 621 P2d 547 (1980) (discussing roles of court and agency in construing statutes). And, even when (as in this case) the legal issue does not implicate the agency's expertise, an agency always should address the pertinent legal questions that are brought to its attention.[1] But there is no purpose to be served by remanding this case to LUBA now, when LUBA's answer to the pertinent legal question — retroactivity of the statute — is not one to which the Court of Appeals would owe any deference. LUBA is itself simply an appellate tribunal charged with reviewing decisions of governmental entities. The Court of Appeals erred in failing to retain jurisdiction over the case.

---

[1] There is nothing before us to suggest that LUBA otherwise was aware of the new statute, but chose not to address the question of its retroactive application.

*See, e.g., Hay v. Dept. of Transportation,* 301 Or 129, 139, 719 P2d 860 (1986) (although Oregon courts may give some degree of respect to an agency's interpretation of a statute, question ultimately is one for the court).

The petition for review is allowed. The decision of the Court of Appeals is vacated. The case is remanded to the Court of Appeals for further proceedings.