Submitted on remand from the Oregon Supreme Court June 3, reversed and remanded with instructions July 3, petition for review denied September 24, 1996
(324 Or 229)

David HOLLAND,
*Petitioner,*

*v.*

CITY OF CANNON BEACH,
*Respondent.*

(95-049; CA A90660)

920 P2d 562

William C. Cox argued the cause and filed the brief for petitioner.

Daniel H. Kearns argued the cause for respondent. With him on the brief was Preston Gates & Ellis.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

In this case which is before us on remand from the Supreme Court, *Holland v. City of Cannon Beach*, 323 Or 148, 915 P2d 407 (1996), petitioner seeks review of LUBA's decision affirming the city's denial of his application for a subdivision. In our earlier opinion, 138 Or App 340, 908 P2d 838 (1995), we remanded the case to LUBA. We concluded that the principal issue was raised by petitioner's argument that the city erred "by basing its [limited land use] decision on policies in its comprehensive plan rather than standards and criteria set forth in its [land use regulations]." *Id.* at 342. Specifically, petitioner contended "that the city's use of the plan policies violates ORS 197.195(1)." *Id.* That statute was enacted in 1991 and was amended in 1995 by the addition of the language emphasized in the following quotation of the statute:

"A 'limited land use decision' shall be consistent with applicable provisions of city or county comprehensive plans and land use regulations. Such a decision may include conditions authorized by law. Within two years of September 29, 1991, cities and counties shall incorporate all comprehensive plan standards applicable to limited land use decisions into their land use regulations. A decision to incorporate all, some, or none of the applicable comprehensive plan standards into land use regulations shall be undertaken as a postacknowledgment amendment under ORS 197.610 to 197.625. *If a city or county does not incorporate its comprehensive plan provisions into its land use regulations, the comprehensive plan provisions may not be used as a basis for a decision by the city or county or on appeal from that decision.*" (Emphasis supplied.)

As we explained in our earlier opinion:

"The emphasized language was added to the statute by Oregon Laws 1995, chapter 595, section 1, and became effective after the city's decision but before LUBA's.

"The parties agree that the city has not incorporated any of the plan standards that might be relevant here into its land use regulations. The question that petitioner raises is whether the words 'or on appeal from [the local] decision' in the amendment apply to this case and have the effect

that *LUBA* cannot *now* affirm the city's decision on the basis of plan provisions that the city itself could have used as the basis for its decision at the time it was made." 138 Or App at 342. (Emphasis in original.)

We then held:

"[T]he question self-evidently is one of first impression that LUBA has not addressed. We remand for it to have that opportunity in the first instance. We note that, except as petitioner's other assignments might be affected by the one on which we remand, they provide no independent basis for reversal and do not warrant discussion." *Id*. at 343.

On review, the Supreme Court remanded the case to us. It concluded that, rather than remanding to LUBA, we should have "retain[ed] jurisdiction" and decided whether the 1995 amendment to ORS 197.195(1) is applicable here. 323 Or at 151-52. We turn to that issue.

■ Petitioner takes the position, simply stated, that the statute means what it says. It was in effect at the time that LUBA decided the appeal from the city's action and, therefore, according to petitioner, the "City cannot, in this appeal, justify its decision by reference to the comprehensive plan provisions."

We quote the responsive argument from the city's brief in its entirety:

**"The portions of ORS 197.195 upon which petitioner relies in this assignment did not take effect until six months *after* the city rendered its decision in this case. Failure to comply with statutes not yet in effect is not a basis for LUBA's reversal or remand, and LUBA did not err in not applying those amendments.**

"This is the only assignment of error not duplicated from petitioner's LUBA brief because it was not raised below at all. As such, the court should decline to reach petitioner's fifth assignment.

"In this assignment, petitioner assigns error to LUBA's failure to require compliance with statutes not yet in effect. Specifically, the 1995 Legislature amended the statutory requirements for limited land use decisions to preclude local governments from relying on the local comprehensive

plan as a source of approval criteria. The city's decision here was final on March 7, 1995, and the amendments to ORS 197.195 were not in effect until September 9, 1995, approximately six months later. Petitioner cites absolutely no authority for his contention that the 1995 amendments were applicable to this decision. In fact, ORS 197.646(1) does not require local compliance with newly adopted Goals, statutes or rules until *after* they become effective. Because the provision in question is applicable to local governments, and not to LUBA, Cannon Beach cannot be held to compliance until the provision becomes applicable to the city.[10]

---

"[10] Were the amendment in question applicable to LUBA, as ORS 197.829 was when adopted by the 1993 Legislature, [LUBA] would be obligated to apply it to already pending appeals. However, the amendment in question only imposes requirements on local governments, not on [LUBA]."[1] (Boldface and emphasis city's.)

The difficulty with the city's argument is that it appears to consider only the part of the amendment that deals with the local decision itself, and neglects the phrase "or on appeal from that decision." The city thereby assumes away the threshold question, *i.e.*, does the amendment refer to and affect LUBA's review of local decisions, as well as affecting the local decisions themselves? Ironically, the city also appears to assume in the footnote to its argument that, if the amendment *does* pertain to LUBA's proceedings at all, it would apply to appeals like this one that were pending when the amendment took effect. In our view, the city makes both assumptions too quickly.

The first question before us is whether the phrase "on appeal from that decision" relates to appeals to LUBA. Without any question, the text of the phrase *can* refer to the LUBA appeal process and, at least arguably, it cannot reasonably be read as referring to anything else. The only reason for doubt is that, in the statute relating to LUBA's consideration of limited land use decisions, ORS 197.828, and

---

[1] We rejected the city's preservation argument in our first opinion, and the Supreme Court did not disturb that holding.

in the statutes pertaining to LUBA proceedings generally, the word "review" is used far more frequently than "appeal." However, the word "appeal" does sometimes appear in the statutes, most notably in ORS 197.830, which defines the vehicle for initiating LUBA review of land use decisions and limited land use decisions as a "notice of intent to appeal." Accordingly, that context lends support to the conclusion that the phrase in the 1995 amendment relates to LUBA's review.

Moreover, the only referent other than the LUBA process that the phrase *could* have is a local appeal process. Were the phrase read in that way, however, it would not be consistent with the way the word "decision" is used elsewhere in ORS 197.195(1) and related statutes, *i.e.*, as a *final* local action, appealable to LUBA. Particularly noteworthy is ORS 197.015(12), which makes finality part of the definition of "limited land use decision." The 1995 amendment's proscription applies both to the local decision and the "appeal from that decision." Given the plain import of the statutory scheme that the unmodified word "decision" means "final decision," it is not plausible to read "appeal" in the amendment as referring to further local proceedings, because the "decision" itself could not be final unless all required local proceedings were completed. The only plausible interpretation is that the "decision" to which the amendment refers is the final local action, and the "appeal" contemplated by the amendment is the review procedure that can begin only after the completion of all necessary local procedures. We conclude that the text of the phrase "on appeal from that decision," in context, refers to appeals to LUBA and the courts from final city or county limited land use decisions.

The next question is whether the 1995 amendment, as so interpreted, precludes LUBA's consideration of the affected comprehensive plan provisions after the effective date of the 1995 amendment in deciding appeals from local decisions that were made under those provisions before the 1995 act took effect. The text of the amendment unambiguously calls for an affirmative answer. It says that the provisions may not be used as a basis for local decisions *or* on appeal from them. The question here is not one of retroactivity.[2] The amendment states a *present* requirement that the

---

[2] The Supreme Court's opinion variously uses the words "applicability" and "retroactivity," in describing the issue. *See* 323 Or at 151. Those words do not

plan provisions cease to be applicable, at whatever stage the process has reached, in connection with the decisions and review of decisions by localities that were not yet in compliance with ORS 197.195(1) approximately four years after its enactment. We find nothing in the statutory context that is inconsistent with the interpretation indicated by the text.

In sum, the answers to the first two questions are that the 1995 amendment applies to appeals to LUBA from limited land use decisions, and it proscribes LUBA's consideration of plan provisions that the local government had not incorporated into its regulations pursuant to ORS 197.195(1) by the time the 1995 amendment became effective.[3]

■ The final question is what disposition follows from our answers with respect to the other questions presented here. The 1995 amendment precluded LUBA from considering the city comprehensive plan provisions that it did consider; had LUBA not considered those provisions, the city's decision, which was largely based on the provisions, could not have been affirmed. We conclude that the proper disposition of this appeal to LUBA is a remand to the city to reconsider petitioner's application, without applying any comprehensive plan provisions that had not been incorporated into the city's land use regulations pursuant to ORS 197.195(1) by the time that the 1995 amendment became effective.

Reversed and remanded with instructions to remand decision to the city for further proceedings not inconsistent with this opinion.

---

necessarily connote the same thing. However, we do not understand the references to have any intended binding legal connotations, as distinct from being a matter of a descriptive word choice.

[3] This is not a situation where the local government undertook the necessary incorporation after the effective date of the amendment, but before the local decision was applied for or made, or the appeal to LUBA was decided. This opinion does not address situations of that kind.