Argued and submitted October 23, reversed and remanded December 17, 1997, petition for review denied April 7, 1998 (327 Or 83)

# WILBUR RESIDENTS
## FOR A CLEAN NEIGHBORHOOD,
Janet Dixon, Kevin Dixon, Dorothy Branch, Alice Mohr, Marcia Byers, Glen Byers and Bob Wonless,
*Petitioners,*

*v.*

# DOUGLAS COUNTY
## and Dick Heard,
*Respondents.*

(LUBA No. 96-178; CA A99083)

950 P2d 368

David A. Bahr argued the cause and filed the brief for appellants.

No appearance for respondent Douglas County.

David B. Smith argued the cause and filed the brief for respondent Dick Heard.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Petitioners seek review of LUBA's dismissal for untimeliness of their appeal from Douglas County's approval of respondent Heard's (respondent) application to operate a septic waste treatment facility. We reverse and remand.

The application was approved without a hearing by the county planning director. ORS 215.416(11)(a)[1] provides, in material part:

> "The hearings officer, or such other person as the governing body designates, may approve or deny an application for a permit without a hearing if the hearings officer or other designated person gives notice of the decision and provides an opportunity for appeal of the decision to those persons who would have had a right to notice if a hearing had been scheduled or who are adversely affected or aggrieved by the decision. Notice of the decision shall be given in the same manner as required by ORS 197.763 or 197.195, whichever is applicable."

ORS 197.763(2)(a)(C) provides that, when the property that is the subject of the notice is located in a farm or forest zone, like respondent's here, the notice is to be provided, *inter alia*, to owners of property located within 500 feet of it.

None of petitioners was given notice of the county's decision, and none appealed to LUBA within the 21-day period allowed by ORS 197.830(8). Petitioners contend, however, that they brought their appeal to LUBA within 21 days after receiving actual notice of the decision, that they were entitled to notice under ORS 215.416(11)(a) and, therefore, that the time for appealing was tolled by and their appeal was timely under ORS 197.830(3)(a):

> "(3) If a local government makes a land use decision without providing a hearing or the local government makes a land use decision which is different from the proposal described in the notice to such a degree that the notice of the proposed action did not reasonably describe the local government's final actions, a person adversely affected by

---

[1] Throughout this opinion, we will refer to the state statutes as the source of the applicable requirements, rather than to the corresponding local provisions which the parties and LUBA also cite.

the decision may appeal the decision to the board under this section:

"(a)  Within 21 days of actual notice where notice is required[.]"

*See Tarjoto v. Lane County,* 137 Or App 305, 904 P2d 641 (1995).

None of petitioners owns property within 500 feet of respondent's proposed operation. However, they argue that they were nevertheless entitled to notice under ORS 215.416(11)(a), for at least two reasons. First, petitioners argue that some of them live within 500 feet of properties where the processed waste will be applied as fertilizer. Second, according to the petition for review to LUBA, petitioners assert that some of them

"own property which, while not immediately adjacent, is in close proximity to, and within sight and hearing distance from, the proposed septic lagoons * * *. They will personally be adversely affected by the operation of the proposed facility based on the likelihood of potential health effects, aesthetic degradation, increased traffic flow in the area, degradation of their drinking water source due to site runoff into the Sutherlin Creek, and reduction of their property values."

The "septic lagoons" are part of the proposed treatment facility.

■■  Petitioners assert, for both of the foregoing reasons, that they are "adversely affected," and are therefore entitled to notice under ORS 215.416(11)(a), whether or not they own property or reside within 500 feet of respondent's proposed operation. LUBA addressed the first of the two reasons, and concluded that the application and the approval pertained only to the treatment operation and site itself, not the subsequent fertilization of other properties, the identity and whereabouts of which is wholly speculative. Without addressing petitioners' second reason for contending that they were adversely affected, LUBA concluded that petitioners were not entitled to notice under ORS 215.416(11)(a), that the time for appeal was not tolled and that petitioners' appeal was untimely. We agree with LUBA regarding the first reason. However, we conclude that the second reason set

out in the petition for review presents a facially tenable basis for showing that some or all of petitioners were adversely affected. Therefore, if being adversely affected could give petitioners a right to notice under the circumstances here, LUBA must reconsider the jurisdictional question in the light of petitioners' contentions regarding their proximity to respondent's proposed facility and the consequences that petitioners allege will ensue.[2]

■   Respondent contends that, even assuming that some or all of petitioners were adversely affected, they were not entitled to notice under ORS 215.416(11)(a). He notes that the statute provides for notice to persons who would have been entitled to notice had there been a hearing (*i.e.*, owners of property within 500 feet), *or* persons who are adversely affected *or* aggrieved by the decision. Respondent asserts that the word "or" is disjunctive, and that the county therefore could choose to give notice *either* to property owners within the 500-foot perimeter, *or* adversely affected *or* aggrieved persons. Having chosen to give notice to persons meeting the locational criterion, respondent maintains, the county was not required to furnish notice to adversely affected persons as well.[3]

The premise of respondent's argument is that the disjunctive word "or" *necessarily* provides the actor with a series of alternatives, rather than imposing a series of cumulative requirements as a prerequisite to or consequence of taking the action. That premise is not correct. We addressed a similar argument in *McCoy v. Linn County*, 90 Or App 271, 752 P2d 323 (1988), where we construed an ordinance provision requiring that

---

[2] The question may involve factual issues that LUBA or the county must resolve, as well as possible further legal issues, and it therefore is not subject to a dispositive resolution by us at this time. *See Recovery House VI v. City of Eugene*, 150 Or App 382, 946 P2d 342 (1997).

[3] The "aggrieved" criterion in the statute is not an issue here. Although ORS 215.416(11)(a) describes the persons who come within the first criterion for notice as those who would have had a right to it if a hearing had been scheduled, that description applies here only to persons who own property within the specified distance from respondent's proposed operation. For convenience, in the balance of this opinion we will therefore use terms such as "locational" to refer to the first criterion.

"proposed development will be compatible with and will not adversely affect the liveability *or* appropriate development of abutting properties and the surrounding neighborhood." (Emphasis supplied.)

The petitioners argued that the word "or" was disjunctive, and that the provision therefore meant that their proposed development qualified for approval if it satisfied *either* the "liveability" or the "appropriate development" standard in the ordinance. We rejected that argument, stating:

"It is not a tenable interpretation that an ordinance provision, which specifies that livability and appropriate development are protected values, was intended to allow county officials to make *ad hoc* choices to protect one of those values and disregard the other in response to different permit applications. Petitioners are correct that the word 'or,' which separates the livability and appropriate development criteria in section 21.480.1, is a 'disjunctive' term. Petitioners are incorrect, however, in their understanding of what the ordinance treats disjunctively. It does not contemplate that a proposed development may qualify for approval if it *satisfies* either criterion; the meaning of the provision is that approval cannot be granted if either of the criteria is *not satisfied* by the proposal." *Id.* at 276 (emphasis in original).

Here, as in *McCoy*, the sense of the statute and its context compel the interpretation that its use of the disjunctive contemplates a series of things that must be satisfied *seriatim* rather than ones that may be chosen among. ORS 215.416(11)(a) allows a county to make a decision on a permit application without the hearing that would otherwise be required, *see* ORS 215.416(3), *if* the county provides notice of the decision *and* an opportunity for a local appeal to "those persons who" come within the locational criterion "or who are adversely affected or aggrieved by the decision." The statute essentially gives counties the option not to conduct a hearing "in the first instance if a *de novo* hearing and a meaningful ability to pursue it are provided for at a later stage of the county process." *Tarjoto*, 137 Or App at 309.

In the event that the right to an appeal is invoked, ORS 215.416(11)(a) provides further that, depending on the circumstances, the appeal shall take the form of a *de novo*

hearing before a hearings officer or the county planning commission or governing body. In effect, once the right is pursued, the hearing process that is mandated by ORS 215.402 *et seq* comes into operation in more or less the same way it would have if the county had not initially exercised the no-hearing option under ORS 215.416(11)(a). ORS 215.416(5) requires, as part of that process, that prehearing notice be given "to the applicant and * * * to other persons as otherwise provided by law." Under ORS 215.416(10), those persons who participate in the hearing are also entitled to a post-decision notice of the county's approval or denial of the application. The statutory right to notice and to participate in or pursue hearing and appeal procedures are interconnected, with each serving to assure that the others cannot be rendered illusory. *See Flowers v. Klamath County*, 98 Or App 384, 780 P2d 227, *rev den* 308 Or 592 (1989).

The most graphic way of illustrating the anomalous effect of respondent's argument regarding the meaning of ORS 215.416(11)(a) is to view it from the opposite direction of the one presented by this case. If the county may decide which categories of persons mentioned in the statute will be given notice and which will not, it could just as well choose to give notice to adversely affected persons but not to those whom ORS 197.763 or other statutes specify are entitled to notice and ORS 215.416(5) and (10) require be given notice in connection with county permit application procedures. The clear purpose of the notice and appeal provision in ORS 215.416(11)(a) is to safeguard opportunities to pursue and participate in hearing and appeal procedures in cases where a county elects to make an initial decision without a hearing. Respondent's interpretation of the provision would enable counties to use it as a barrier against the hearing and appeal opportunities and participation by the very persons whom other provisions of ORS 215.416 expressly require to be afforded those rights in cases where the county does choose to conduct a hearing.

Respondent's argument fares no better when viewed from the direction it does come than when it is viewed from the other direction. ORS 197.830(3) provides that a person *adversely affected* by a local land use decision may appeal it to LUBA if the decision was made without a hearing or without

a prehearing notice that adequately communicates the nature of the proposal on which the final decision was made. As we suggested in *Tarjoto*, 137 Or App at 308-09, the relationship between ORS 197.830(3) and ORS 215.416(11)(a) is complementary, in that the former "safeguards the ability to appeal a decision to LUBA if it is made without a required hearing or ability to participate in the hearing," while the latter is aimed in part at assuring the availability of those procedures at the local level. That context supports the interpretation that giving notice to adversely affected persons whom ORS 215.416(11)(a) expressly makes eligible for it when the county does not conduct a hearing, and who are expressly made eligible by ORS 197.830(3) to appeal to LUBA from county decisions that are made without a hearing, is a requirement and not an option. The context of ORS 215.416(11)(a) also leads to the same conclusion with respect to aggrieved persons. Under ORS 215.422(1)(a) and (2), respectively, an aggrieved party may appeal "the action of a hearings officer" to the county planning commission or governing body, and may appeal the county's final decision to LUBA. Actions under ORS 215.416 generally and subsection (11)(a) specifically can be those of a hearings officer, and the hearings officer's action can be the county's final decision. *See* ORS 215.422(1)(b). Under respondent's interpretation of ORS 215.416(11)(a), two categories of persons whom other statutes give the right to appeal a decision at the local or LUBA levels would not be entitled to notice of the decision unless the county chooses to give them notice. In its context, the statute cannot plausibly be read that way.

Based on the text and context of ORS 215.416(11)(a), we conclude that counties must give notice of a decision made without a hearing to all three categories of persons whom it describes. We also conclude, for the reasons stated earlier, that petitioners have sufficiently presented the question of whether they qualify for notice under the "adversely affected" criterion of the statute, insofar as their petition for review asserts facts that they are or will be directly affected by respondent's processing operation itself. LUBA has not adequately resolved that question. It should do so on remand or require the county to take further action that may be necessary to its resolution.

Reversed and remanded.