Argued and submitted June 22, reversed and remanded with instructions
July 22, 1992

## HORIZON CONSTRUCTION, INC.,
*Petitioner,*

Rich RACETTE
and Walt Racette,
*Petitioners Below,*

*v.*

CITY OF NEWBERG,
*Respondent.*

(LUBA 92-002; CA A74807)

834 P2d 523

Wallace W. Lien, Salem, argued the cause and filed the brief for petitioner.

Terrence D. Mahr, City Attorney, Newberg, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The Newberg City Council denied petitioner a conditional use permit to construct an apartment complex and LUBA affirmed the decision. Petitioner seeks review. We reverse.

■ We note, preliminarily, that petitioner's brief does not have appended to it a copy of LUBA's opinion, as ORAP 5.50(3) and ORAP 4.60 require. When this court prepares for oral argument, the appellate record is not available to us. We have only the parties' briefs. Consequently, LUBA's opinion was not before us at that time, and our ability to prepare for the argument was therefore seriously hampered. Hereafter, violations of the rule will result in our striking a petitioner's brief on our own motion.

■ Petitioner's first assignment asserts, in part, that a member of the city council did not make a timely disclosure of an *ex parte* contact that was unfavorable to the application. Although the contact had taken place two months earlier and at least one intervening council meeting had taken place, the disclosure was not made until the council's December 17, 1991, meeting at which final action was taken on the application and after the evidentiary record was closed. Petitioner argues that LUBA erred by not remanding the city's decision because of the untimely disclosure.

ORS 227.180(3) provides:

"No decision or action of a planning commission or city governing body shall be invalid due to ex parte contact or bias resulting from ex parte contact with a member of the decision-making body, if the member of the decision-making body receiving the contact:

"(a) Places on the record the substance of any written or oral ex parte communications concerning the decision or action; and

"(b) Has a public announcement of the content of the communication and of the parties' right to rebut the substance of the communication made at the first hearing following the communication where action will be considered or taken on the subject to which the communication related."

ORS 197.835(10) makes the substance of ORS 227.180(3) specifically applicable to LUBA's review of local land use decisions.

LUBA explained its rejection of petitioner's argument:

"The delay in disclosing the ex parte contact and failure to make an announcement of the right to rebut the substance of the ex parte communication are at most procedural errors. *See Walker v. City of Beaverton,* 18 Or LUBA 712, 729 (1990). This Board has frequently held that where a party has the opportunity to object to a *procedural* error before the local government, but fails to do so, that error cannot be assigned as a basis for reversal or remand of the local government's decision in an appeal to LUBA. * * *

"In addition, we have previously held that where petitioners are present at a local government meeting where an alleged procedural error occurred, an objection must be entered to preserve the right to raise that procedural error in an appeal to this Board. Further, a petitioner is not excused from entering an objection to the procedural error on the ground that the local evidentiary record had previously been closed and there was no scheduled opportunity for public input at the meeting in question. *Schellenberg v. Polk County,* ＿＿ Or LUBA ＿＿ (LUBA No. 91-018, August 2, 1991), slip op 26. It is in this respect that the facts of this case differ significantly from those in *Angel [v. City of Portland,* ＿＿ Or LUBA ＿＿ (LUBA No. 90-108, March 6, 1991)]. There was no dispute that the petitioner in *Angel* made known to the city council, prior to its adoption of a final decision, his objections to the lack of opportunity to rebut the ex parte contacts disclosed during the city council deliberations. *Id.,* slip op at 8.

"Here, there is no dispute that petitioners were present at the December 17, 1992 meeting when the disclosure took place, but failed to object to the timing of the disclosure or to the lack of opportunity for rebuttal. Accordingly, petitioners may not assign these alleged procedural errors as a basis for reversal or remand of the challenged decision." (Some citations omitted; emphasis in original.)

Petitioner contends that its supposed opportunity to object was ephemeral, given that the record was closed and no introduction of evidence or public participation was contemplated for the December 17 meeting. It also argues that the

failure to disclose in accordance with ORS 227.180(3) deprived it of the opportunity to learn the facts about the *ex parte* communication and to prepare, much less present, any rebuttal showing. Relying on *Angel v. City of Portland, supra*, petitioner asserts that providing the opportunity to present rebuttal is among the principal reasons for the timely disclosure requirement. Finally, petitioner argues, LUBA was wrong in characterizing the error as merely "procedural."[1] We agree with each of the points that petitioner makes.[2]

■ ■ ORS 227.180(3) does not simply establish a procedure by which a member of a deciding tribunal spreads a fact on the record. It requires that the disclosure be made at the earliest possible time. Implicit in that requirement is that the parties to the proceeding must be given the greatest possible opportunity to prepare for and to present the rebuttal that ORS 227.180(3)(b) requires that they be allowed to make. The purpose of the statute is to protect the substantive rights of the parties to know the evidence that the deciding body may consider and to present and respond to evidence.[3]

Whatever there is to be said about LUBA's general view about the role of objections in local land use proceedings, *see* note 2, *supra*, an objection by petitioner here would not have been likely to cure the prejudice that it suffered from the disclosure violation. An objection to the timeliness of the disclosure at the December 17 meeting, at which the council made its decision, could not have cured the city's antecedent failure to follow the statutorily required procedures to assure that petitioners have the opportunity to respond to the *ex*

---

[1] For a "procedural error" to be reversible by LUBA, it must "[prejudice] the substantial rights of the petitioner." ORS 197.835(7)(a)(B); *see also* ORS 197.850(9)(a).

[2] It also contends that an objection was not necessary and that preservation requirements should not be rigid in the land use decisional "arena," which contemplates far less formality than court proceedings and more lay participation. Although we do not base our decision on that point, we agree with it, at least in the abstract. *See Boldt v. Clackamas County*, 107 Or App 619, 813 P2d 1078 (1991); *but see* ORS 197.763.

[3] In its brief, the city argues that petitioner acknowledged that the error is procedural by so describing it in its petition for review to LUBA. We do not agree that that constitutes a concession, if that is the city's point. Our reading of the petition indicates that the word "procedural" was a matter of word choice, but the text of the argument made clear that petitioner asserted a deprivation of rights under a remedial statute.

*parte* communication while evidence was still being prepared and presented. Moreover, the error did not occur on December 17; it occurred at the earlier meeting when the council member was required and failed to make the disclosure, and no objection could have been made at that time to an error of which petitioner could not have been aware.

Arguably, the city could have reopened and extended the proceedings, if an objection had been made on December 17. However, we are unwilling to assume that that would have occurred, given that the meeting was not one at which either additions to the record or public participation, by way of objections or otherwise, were scheduled to be entertained. We are also not impressed by the city's argument that additional evidence and comment on other matters were in fact received at the meeting. Petitioner and the other proponents were utterly unprepared for the eventuality that a response would be necessary or could be made to the council member's belated disclosure.

■ Failure to comply with ORS 227.180(3) requires a remand to the city council and a plenary rehearing on the application. Our disposition of the case makes it unnecessary to discuss petitioner's other contentions, with one exception. We agree with LUBA that, under the pertinent city legislation, the city council could reach all of the issues that it did and that its scope of review extends to all aspects of the planning commission's decision.

Reversed and remanded with instructions to remand to the city.