Argued and submitted July 7, reversed July 28, reconsideration denied October 13, petition for review denied November 16, 1993 (318 Or 60)

Kenneth L. REUSSER,
Gertrude Reusser, Leon Clutterham,
Dorothy Clutterham, Derek Fick,
Luzan Fick, John L. Klor, Judy F. Klor,
Jack E. Young, Meredith C. Young,
Michael G. DeNoux-Magnus,
and Danielle DeNoux-Magnus,
*Respondents,*

*v.*

WASHINGTON COUNTY,
*Respondent,*

*and*

Stuart HONEYMAN,
*Petitioner.*

(LUBA 92-212; CA A79803)

857 P2d 182

Steven W. Abel, Portland, argued the cause for petitioner. With him on the brief were Mildred J. Carmack and Schwabe, Williamson & Wyatt, Portland.

Margaret H. Leek Leiberan, Portland, argued the cause for respondents Kenneth L. Reusser, Gertrude Reusser, Leon Clutterham, Dorothy Clutterham, Derek Fick, Luzan Fick, John L. Klor, Judy F. Klor, Jack E. Young, Meredith C. Young, Michael G. DeNoux-Magnus, and Danielle DeNoux-Magnus, Portland. With her on the brief were Leiberan & Gazeley, Jack L. Orchard and Ball, Janik & Novak, Portland.

David C. Noren, Assistant County Counsel, Hillsboro, waived appearance for respondent Washington County.

Before Richardson, Chief Judge, and Riggs and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Petitioner seeks review of LUBA's decision reversing Washington County's approval of a lot line adjustment affecting two lots in adjacent rural planned developments (RPDs). We reverse.

LUBA held that the county's interpretation and application of its ordinance was "clearly wrong," within the meaning of *Goose Hollow Foothills League v. City of Portland*, 117 Or App 211, 217, 843 P2d 992 (1992). Therefore, LUBA concluded that the county's interpretation was not affirmable under *Clark v. Jackson County*, 313 Or 508, 515, 836 P2d 710 (1992), which requires LUBA to accept a local government's interpretation "of its own ordinance unless LUBA determines that the [local] interpretation is inconsistent with express language of the ordinance or its apparent purpose or policy * * * including its context."

The parties express somewhat differing views about how we should review LUBA's decision. We turn initially to that question.

■ LUBA reviews the county's interpretation to determine whether it "[i]mproperly construed the applicable law." ORS 197.835(7)(a)(D). We, in turn, review to determine whether LUBA's decision is "unlawful in substance or procedure." ORS 197.850(9)(a). However, to ascertain whether LUBA's application of the standard in *Clark* and our later decisions explaining it was unlawful in substance, we must independently examine the local government's interpretation and assess the consistency of the interpretation with the legislation, rather than "deferring" to LUBA's resolution of those matters. That is the methodology that the Supreme Court appears to have used in *Clark*, 313 Or at 515-18; *see also Cope v. City of Cannon Beach*, 115 Or App 11, 16, 836 P2d 775 (1992), *rev allowed* 315 Or 643 (1993), and it is the only one that makes operational sense. We cannot tell whether LUBA's decision is an unlawful application of *Clark* and its progeny without first determining whether the local interpretation is an improper construction of applicable local law that is subject to reversal under those cases. A differentiated standard of LUBA and judicial review, like the one *Younger v. City of Portland*, 305 Or 346, 752 P2d 262 (1988), establishes

for factual questions, is not applicable to or feasible in connection with the review of this legal question. For LUBA's decision to be unlawful *in substance,* it had to be incorrect in concluding that the *particular* local interpretion was reversible under ORS 197.835(7)(a)(D) and *Clark.* We cannot answer one question without answering the other.

■ We turn to the merits. The disagreement between LUBA and the county, and between the parties appearing here, turns as much on which local provisions are applicable as on what particular provisions mean. It suffices to say that petitioner and the county emphasize certain provisions relating to lot line adjustments, while LUBA and respondents consider certain RPD provisions in the county's legislation to be more relevant. In some respects, the provisions that the parties cite are consistent and interrelated; however, they also contain ambiguities and arguable conflicts.[1]

LUBA's and respondents' interpretation of the local legislation is cogent. In our view, however, it *is their* interpretation, rather than an evaluation of the county's interpretation under the *Clark* criteria, and LUBA therefore exceeded the authority that *Clark* leaves it by substituting its own interpretation of the local legislation for the county's.

We said in *West v. Clackamas County,* 116 Or App 89, 93, 840 P2d 1354 (1992):

> "We emphasize that this is not a situation where other provisions of the local legislation are clearly relevant to and demonstrative of the linguistic meaning, policy, purpose or context of the provision that the local decision-maker is interpreting. Rather, the ordinance contains a grab bag of provisions that, arguably, are equally relevant and that equally support the various meanings for which the parties contend and that the decision-maker found. Where that state of absolute or near equipoise exists, the selection from the grab bag is for the local deciding entity to make. We also note that the more distant from equipoise the interpretive options

---

[1] This case differs from *Goose Hollow Foothills League v. City of Portland, supra,* where we concluded as a matter of law that there was no ambiguity in the city legislation that permitted *any* interpretation, let alone the one that the city gave it. We cannot say that no ambiguity exists here.

or the linguistic support for the local government's interpretation becomes, the greater the burden on the local government to support its interpretation in its findings and conclusions becomes, with corresponding effects on what the appealing party must show to demonstrate error."

The situation here is comparable. The argument to be made against the county's interpretation is somewhat stronger than was the one in *West*. However, it is not strong enough to show that the county's interpretation is "clearly wrong." We are constrained to accept the local interpretation and LUBA erred by not doing so.

Reversed.