On petitioners' petition for reconsideration filed October 27, reconsideration allowed, opinion (123 Or App 256, 860 P2d 278) adhered to December 8, 1993, reconsideration denied February 9, petition for review denied April 5, 1994 (318 Or 582)

## FRIENDS OF THE METOLIUS
and Toni Foster,
*Petitioners,*

*v.*

## JEFFERSON COUNTY,
Dan Richartz and Cindi Richartz,
*Respondents.*

(93-002; CA A80307)

866 P2d 463

Bill Kloos, Anne C. Davies, and Johnson & Kloos for petition.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners seek Supreme Court review and, thereby, our reconsideration of our opinion. They argue that, in holding that Jefferson County's interpretation of its zoning ordinance was not reversible under the standard of review articulated in *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), we accorded more deference to the local government's interpretation of its land use legislation than *Clark* requires or even allows. We allow reconsideration to respond to petitioners' contentions regarding that question.

Petitioners assert that *Clark* requires consideration, *inter alia*, of the context of local legislation by the local bodies that interpret it and by LUBA and the courts in reviewing the interpretations.[1] Petitioners contend that, because the local legislation here has been acknowledged as complying with the statewide planning goals, the goals are part of its "context," within the meaning of *Clark*, and the local interpretation must be reviewed against and found to be consistent with the goals in order to pass scrutiny under *Clark*. Petitioners argue that the county's interpretation here is contrary to Goal 14, that the interpretation is therefore reversible and that LUBA and we erred by not so holding.

We reject petitioners' contention that the Supreme Court intended in *Clark* for the goals to be regarded as part of the context of acknowledged local legislation and, therefore, among the criteria by which a reviewing body tests a local government's interpretation of its own legislation. In *Byrd v. Stringer*, 295 Or 311, 666 P2d 1332 (1983), and *Foland v. Jackson County*, 311 Or 167, 807 P2d 801 (1991), the Supreme Court held that, after local comprehensive plans

---

[1] The court said in *Clark*:

"[I]n reviewing a county's land use decision, LUBA is to affirm the county's interpretation of its own ordinance unless LUBA determines that the county's interpretation is inconsistent with express language of the ordinance or its apparent purpose or policy. LUBA lacks authority to substitute its own interpretation of the ordinance unless the county's interpretation was inconsistent with that ordinance, including its context." 313 Or at 515.

The principal issue that we address turns on the meaning of the word "context" in that passage and elsewhere in *Clark* and related cases. We consider the word as a term of art, to the extent that *Clark* makes it one, and we do not use the word in its colloquial sense in this opinion.

and land use regulations are acknowledged, the local legislation becomes the applicable law for most kinds of land use decisions by the local government, including decisions of the kind involved here, and the goals cease to apply to the decisions directly.[2] The court made passing reference to that principle in *Clark* itself, 313 Or at 513, and expressly reiterated it in *Smith v. Clackamas County*, 313 Or 519, 524, 836 P2d 716 (1992), a case decided on the same day as *Clark*.

Although there is no necessary inconsistency between the holdings of *Byrd* and *Foland* that the goals cease to be directly applicable after acknowledgment and the proposition that the goals can constitute part of the framework for interpreting acknowledged legislation, the Supreme Court appears to have taken the view that the goals have *no* bearing on post-acknowledgment land use decisions of the kind in question, apart from the local legislation that has been found to comply with them. It said in *Foland*:

> "This policy of not requiring a city or county to make land use decisions in compliance with the goals after plan acknowledgment has been obtained provides the entire basis for the integrity of the acknowledgment process. Once a plan has been acknowledged, a land use decision made in compliance with an acknowledged plan is *ipso facto* in compliance with the goals. To require a city or county which has an acknowledged plan nonetheless to make all of its land use decisions by separate reference to and in compliance with the goals would make an acknowledgment meaningless." 311 Or at 172.

Petitioners point to nothing in the language or reasoning of *Clark* that supports their position that the court intended to depart from that view expressed in its earlier cases, or to make the goals part of the interpretive context of local legislation. As we read the Supreme Court's opinion, it supports the opposite understanding. In each of the various statements of the standard of review in *Clark*, the clear import is that local legislation is to be treated as an internally

---

[2] The court in *Foland* noted, 311 Or at 180 n 10, as have we, *see, e.g., Forster v. Polk County*, 115 Or App 475, 839 P2d 241 (1992), and authorities there cited, that applicable state statutes, unlike the goals, remain directly applicable to post-acknowledgment land use decisions along with the local legislation. However, no argument is made here that turns on state statutory provisions.

contained and independent body of law for purposes of applying the standard, and that "context" refers to other provisions in the local legislation *itself* that shed light on the meaning of the specific provision that is the subject of the interpretation. *See* 313 Or at 514-15, 518; *see also Smith v. Clackamas County, supra,* 313 Or at 528 (county's interpretation found to be "consistent with [ordinance's] express language and *its context as provided by other provisions of the ordinance*" (emphasis supplied)).[3] Moreover, petitioners suggest no reason why the court might have intended in *Clark*, a case that altered and reduced the scope of LUBA and judicial review of local interpretations of local legislation, to add the goals to the criteria for making and reviewing interpretations of acknowledged legislation when they had not played that role under the broader review standard that existed before *Clark.*[4]

Petitioners also rely on Oregon Laws 1993, chapter 792, section 43, which provides:

"The Land Use Board of Appeals shall affirm a local government's interpretation of its comprehensive plan and land use regulations, unless the board determines that the local government's interpretation:

"(1)  Is inconsistent with the express language of the comprehensive plan or land use regulation;

"(2)  Is inconsistent with the purpose for the comprehensive plan or land use regulation;

"(3)  Is inconsistent with the underlying policy that provides the basis for the comprehensive plan or land use regulation; or

"(4)  Is contrary to a state statute, land use goal or rule that the comprehensive plan provision or land use regulation implements."

---

[3] Some confusion could arise from the fact that the local legislation involved in *Clark*, as is often the case with local land use legislation, referred to and required compliance with specific state statutes.

[4] Petitioners contend that *Clark* was not intended to create a "radical change" from the standard of review that it displaced. Whatever the intended dimensions of the change might have been, however, there can be no question about the direction of the change. *See, e.g., Cope v. City of Cannon Beach,* 115 Or App 11, 836 P2d 775 (1992), *aff'd on other grounds* 317 Or 339, 855 P2d 1083 (1993); *Reusser v. Washington County,* 122 Or App 33, 857 P2d 182, *rev den* 318 Or 60 (1993), and authorities there cited.

That statute had not taken effect at the time of the events relevant to our review, and petitioners do not argue that it has any *direct* application here. Rather, they argue that subsection (4) is evidence that supports their reading of *Clark*, and that that statute's inclusion of the goals in the review scheme constitutes a legislative recognition of what was "already implicit in the statutory scheme and the *Clark* standard."

That understanding of section 43 is not persuasive. The first three subsections have direct analogs — albeit not necessarily duplicates — in the language and substance of *Clark*. Subsection (4) does not. For the reasons that we have discussed, *Clark* simply does not say what petitioners read into it, and we do not agree with their premise that the substance of subsection (4) was already implicit in the *Clark* standard.

Section 43 *may* eventually have profound effects on the *Clark* standard and on future cases. However, this case does not provide an appropriate occasion for interpreting the 1993 statute or for applying revisionist history to *Clark*.

Reconsideration allowed; opinion adhered to.