Argued and submitted April 7, affirmed May 4, petition for review denied
September 6, 1994 (320 Or 110)

William and Debra LARSSON,
*Petitioners,*

*v.*

CITY OF LAKE OSWEGO,
*Respondent.*

(93-174; CA A83141)

874 P2d 99

Thomas H. Nelson argued the cause for petitioners. With him on the brief was Stoel Rives Boley Jones & Grey.

Jeffrey G. Condit, City Attorney, argued the cause and filed the brief for respondent.

Timothy J. Sercombe and Preston Thorgrimson Shidler Gates & Ellis filed a brief *amicus curiae* for League of Oregon Cities.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

Haselton, J., concurring.

## DEITS, P. J.

Petitioners seek review of LUBA's affirmance of the City of Lake Oswego's decision not to modify an approval condition on a previously allowed minor partition. The city declined to eliminate the condition that petitioners agree not to pursue the city's remonstrance procedure in connection with establishing a street improvement district in the vicinity of the partitioned property. We affirm.

■■ Before addressing the merits, a preliminary matter requires comment. Petitioners' brief in this case did not include a copy of LUBA's opinion, as required by our rules. ORAP 5.50(3) and ORAP 4.60. As we explained in *Horizon Construction, Inc. v. City of Newberg*, 114 Or App 249, 251, 834 P2d 523 (1992), this requirement is not just a matter of form:

> "We note, preliminarily, that petitioner's brief does not have appended to it a copy of LUBA's opinion, as ORAP 5.50(3) and ORAP 4.60 require. When this court prepares for oral argument, the appellate record is not available to us. We have only the parties' briefs. Consequently, LUBA's opinion was not before us at that time, and our ability to prepare for the argument was therefore seriously hampered. Hereafter, violations of the rule will result in our striking a petitioner's brief on our own motion."

In the present case, the city's brief does contain the LUBA opinion as an appendix. This allowed us to effectively prepare for argument. However, we again emphasize the importance of this requirement.

■ We turn to the merits. Section 40.050 of the city code provides:

> "Filing of Remonstrance to Formation of Improvement District; Defeat of Proposal by Remonstrance.

> "(1) Objections by property owners within the proposed district to the formation of the proposed improvement district must be in writing, and filed with the Recorder not later than the close of business the day of the hearing set forth in LOC 40.060. Except as provided by Section 37 of the Lake Oswego Charter, any proposal to levy and collect any special assessment under this chapter shall be suspended for six months upon written remonstrance of two-thirds of the owners of property to be assessed.

"(2)   Oral objections will be considered at the hearing provided in LOC 40.060. However, oral objections shall not be counted for the purpose of suspending the project as provided in subsection (1) of this section."

Petitioners contend that the prohibition of their pursuing the remonstrance procedure infringes their communicative rights under Article I, section 8, and under the First Amendment. The city construed section 40.050 in the context of related code provisions, and rejected petitioners' argument. Its order recites:

"Lake Oswego Charter Article IX, Section 37 and LOC Chapter 40 govern formation of [limited improvement districts (LIDs)]. LOC 40.060 and 40.090 require two public hearings to be held: The first hearing is to determine whether the proposed LID should be formed, draw the appropriate boundaries of the LID, determine the appropriate assessment formula and set the appropriate interest rate. The second hearing is to hear objections to the amount of the assessment. LOC 40.050(1) authorizes affected property owners to file written remonstrances objecting to formation of the LID at the time of the first hearing. If written remonstrances are received from at least two-thirds of the property owners, formation of the LID is suspended for 6 months. A non-remonstrance agreement waives the property owner's right to file a written remonstrance and thereby potentially delay the project for six months. * * *

"LOC 40.050(2), however, expressly authorizes and requires the [City] Council to consider oral objections to the project at the first hearing. LOC 40.040 expressly requires the published notice to state that oral objections will be considered at the public hearing. LOC 40.060(2) expressly requires the Council to consider any testimony in addition to written remonstrances in deciding whether to proceed with formation of the LID. LOC 40.080(2) and 40.090 notifies and allows 'all persons' to testify in objection to the proposed assessments at the second hearing. Regardless of whether a person has waived his or her right to delay the project in a non-remonstrance agreement, such persons are notified of their right to appear, and may appear, before the Council at the first and second public hearings and object or otherwise testify regarding the LID on the merits."[1]

---

[1] The city's order also explained the purposes of the nonremonstrance requirement. In essence, it is an alternative to imposing a condition on particular developmental approvals that the individual applicant make any street improvements that

LUBA expressed some uncertainty about whether the deferential standard of review under *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), is applicable to the city's interpretation of its prior decision imposing the condition, as distinct from an interpretation of the city's legislation itself. *See* ORS 197.829; *but see Terraces Condo. Assn. v. City of Portland*, 110 Or App 471, 477, 823 P2d 1004 (1992). We are also unsure whether *Clark can* mandate deference when the local interpretation affects asserted constitutional rights, including federal rights. Like LUBA, however, we find it unnecessary to resolve what the standard of review is because, like LUBA, we would independently arrive at the same interpretation the city did: the remonstrance procedure, and the so-called nonremonstrance condition, affect only petitioners' right to be counted in the extraordinary majority that can abate the decision for six months; they do not limit petitioners' right to speak on the proposed district or any related matters, orally or in writing.

Consequently, as the city and the *amicus* argue, the nonremonstrance condition does not regulate speech, but simply makes a particular procedure unavailable to petitioners for delaying an action that they are free to express themselves about in any way. We agree with the city that its regulations and the condition do not restrict or regulate speech. Three of petitioners' four assignments fail for that reason. Petitioners' fourth assignment of error is that the nonremonstrance agreement "impairs voting rights." For the reasons discussed by LUBA, we do not find this argument persuasive.[2]

Affirmed.

---

the development necessitates. The objective is apparently to promote efficiency and to spread costs by having a district-wide improvement mechanism instead of requiring improvements in connection with each application. According to the city's uncontested finding, an applicant's acceptance of the nonremonstrance condition is shown "on the face of the nonremonstrance agreement" to be in consideration for the city's "waiver of the requirement for immediate construction." Petitioners do not appear to argue that the condition violates the Fifth Amendment or Article I, section 18.

[2] The concurring opinion correctly describes the narrow basis for our holding. Because that is the basis for our holding, however, it is unnecessary for us to reach, and we do not reach, the constitutional issue that the last sentence of the concurrence addresses.

**HASELTON, J.,** concurring.

I write only to emphasize the narrow basis of our holding. The "nonremonstrance" condition at issue in this case referred to a specific procedure described in the city's code, and not to a general right to oppose governmental action. An attempt by a governmental body to condition receipt of a public benefit on waiver of such a general right to "remonstrate" would raise constitutional issues not presented here.