Submitted on record and briefs January 20, affirmed March 11, petition for review denied October 20, 1998 (327 Or 620)

# Rose Marie OPP,
*Petitioner,*

*v.*

# CITY OF PORTLAND,
*Respondent.*

# (LUBA No. 96-236; CA A100209)

955 P2d 768

Kathryn S. Beaumont, Senior Deputy City Attorney, filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

DEITS, C. J.

**DEITS, C. J.**

Petitioner seeks review of LUBA's decision affirming the City of Portland's approval of a conditional use permit for a community center. We affirm.

During a recess in the city council's hearing on the application for the conditional use permit, one of the council members spoke with Cooley, a person who was attending the meeting and who was involved to some extent in various activities or relationships that arguably had some connection to the proposed center. Section 33.730.110.A of the city code provides that members of a city body reviewing a land use application "may not communicate, directly or indirectly, with any person interested in the outcome." The code further provides that, in the event such a communication occurs, the member of the reviewing body must disclose the communication, and an opportunity to rebut the substance of the communication must be given to persons desiring to do so. *See* ORS 227.180(3). No disclosure was made of the contact with Cooley, and no opportunity for rebuttal was provided by the city in its proceedings on the application.

Petitioner appealed to LUBA, assigning as error, *inter alia*,[1] the nondisclosure and failure to provide for rebuttal concerning the contact with Cooley. LUBA remanded for further proceedings by the city. It explained:

> "[T]he challenged decision does not provide an interpretation of the * * * phrase 'person interested in the outcome' of the proceeding. Although this Board may, we are not required to make this interpretation. *Marcott Holdings, Inc. v. City of Tigard*, 30 Or LUBA 101, 122 (1995). It is for the [city] to interpret [the local code provision] in the first instance."

LUBA directed the city to interpret the phrase "interested in the outcome," to determine whether Cooley comes within the phrase as the city interpreted it and to allow any rebuttal opportunity that might be required in light of that determination.

In her first assignment to us, petitioner contends, *inter alia*, that LUBA itself should have decided that Cooley

---

[1] LUBA rejected petitioner's other arguments.

was "interested in the outcome" and remanded the case to the city for a "plenary rehearing," rather than remanding for the city to interpret the ordinance provision, make its own determination about the provision's application to Cooley and, concomitantly, determine whether further proceedings are required.

■      ORS 197.829(2) provides that, in cases where the meaning of local legislation is pertinent to a land use decision that LUBA is reviewing, and the local government has not interpreted the legislation, LUBA "*may* make its own determination of whether the local government decision is correct." (Emphasis supplied.) As we have interpreted ORS 197.829(2), it allows LUBA and reviewing courts to interpret the legislation *ab initio* in considering a decision that contains no interpretation by the local governing body. The statute is the other side of the coin to ORS 197.829(1), which provides generally that, when a local governing body has included an interpretation of local legislation in its decision, LUBA's standard of review of the interpretation is highly deferential. *See Alliance for Responsible Land Use v. Deschutes Cty.*, 149 Or App 259, 264-65, 942 P2d 836 (1997), *rev allowed* 326 Or 464 (1998).[2]

In this case, LUBA remanded the question regarding the local provision's meaning to the city rather than performing the interpretive exercise itself. It relied on its earlier decision in *Marcott Holdings, Inc.*, where it construed ORS 197.829(2) as authorizing it, in its discretion, either to remand or to perform the interpretive exercise itself. The city agrees with that interpretation of the statute. It points out, however, that this court has said inconsistent things about whether ORS 197.829(2) gives the reviewing tribunals the option of choosing between the alternatives or, conversely, requires them in every instance to make an independent interpretation of local provisions that the local government has failed to interpret.[3]

---

[2] In *Alliance for Responsible Land Use*, 149 Or App at 264-66, we discussed in detail the genesis of ORS 197.829(2) and its relationship to other aspects of the review process.

[3] Petitioner does not mention or discuss ORS 197.829(2), much less rely on that statute or challenge LUBA's understanding and application of it. However, LUBA based its disposition on the statute, and the statute is the focus of the city's defense of LUBA's decision.

■        In *Alliance for Responsible Land Use*, we said that, where the conditions for the statute's operation are present, "LUBA and, in turn, this court, *may* interpret the legislation *ab initio*." 149 Or App at 265. (Emphasis supplied.) We also used the word "may" in the same connection in *Canfield v. Yamhill County*, 142 Or App 12, 19, 920 P2d 558 (1996). However, in *Johns v. City of Lincoln City*, 146 Or App 594, 600, 933 P2d 978 (1997), we said that, under ORS 197.829(2), "LUBA and, in turn, we *must* interpret the local legislation *ab initio*." (Emphasis supplied.) In each of the three cases, the language in question was *dictum*.[4] The *dictum* in *Johns* was incorrect. The statute itself says that LUBA *may* make an independent determination concerning the correctness of the local decision in circumstances where the local government has failed to interpret local legislation—at all or adequately for review—that is pertinent to the decision. The statute makes the reviewing body's exercise of the interpretive authority permissive rather than mandatory. It thereby gives LUBA and the appellate courts the alternative of remanding the decision to the local government to provide any essential interpretation that the decision omits. *See Alliance for Responsible Land Use*, 149 Or App at 465; *Weeks v. City of Tillamook*, 117 Or App 449, 844 P2d 914 (1992).

■        LUBA's decision whether to perform the interpretive exercise or to remand in a particular case is subject to this court's review. ORS 197.850; *see Reusser v. Washington County*, 122 Or App 33, 857 P2d 182, *rev den* 318 Or 60 (1993). As noted, *see* n 3, petitioner does not base her argument on ORS 197.829(2). She contends, however, that the meaning of "interested" is clear and, therefore, that LUBA could and should have applied that meaning and "found that Cooley was an interested party." We do not agree that "interested" is susceptible to only one meaning; indeed, the possible connotations that the word *can* convey range all the way from passing curiosity to rabid partisanship. If Cooley were the applicant for or the chief opponent of the center, petitioner

---

[4] Whether the statute requires the reviewing bodies to interpret the legislation or gives them the alternative of doing so was not an issue in any of the cases. In each instance, the quoted language served simply as a shorthand description of the statute's general effect, preceding our discussion of the different issues involving ORS 197.829(2) that were presented in the cases.

might be correct, insofar as Cooley might necessarily fit within the term "interested" at all points along its definitional continuum. However, his relationship to the center is neither that close nor that clearly delineated in its particulars in the record before us. The city is in a far better position than LUBA or we to interpret the ordinance provision and, then, to make the largely factual and largely interdependent determination of whether the provision as it interprets it applies to Cooley. We conclude that LUBA did not err in its remand to the city.

Petitioner's remaining arguments do not require discussion.

Affirmed.