Argued and submitted September 25, reversed and remanded in part; otherwise affirmed November 4, 1998

Wes JOHNS,
*Petitioner,*

*v.*

CITY OF LINCOLN CITY,
*Respondent.*

(LUBA No. 97-235; CA A102949)

967 P2d 894

Gary G. Linkous argued the cause and filed the brief for petitioner.

Christopher P. Thomas, City Attorney, argued the cause for respondent. With him on the brief was Moskowitz & Thomas.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioner seeks review of LUBA's affirmance of the City of Lincoln City's denial of his application for a single-family dwelling in a residential and environmental quality overlay zone. We affirm in part and reverse in part.

In an earlier decision pertaining to petitioner's application, we concluded that further city proceedings were necessary to determine what issues had been raised and whether they had been raised with the specificity required by the relevant ordinance provision in the notices of appeal that opponents of petitioner's application had filed with the city planning commission to challenge the planning director's approval of the application. Consequently, we reversed LUBA's earlier decision affirming the planning commission's and city council's denial of petitioner's application, and we instructed LUBA to remand the decision to the city. *Johns v. City of Lincoln City*, 146 Or App 594, 933 P2d 978 (1997). On remand, the city again denied the application. Petitioner appealed to LUBA, and it again affirmed.

Petitioner seeks our review and presents two assignments of error. In his first assignment of error, he contends that the city did not properly carry out our earlier remand and that it again erred in concluding that the issues on which it based its decision were properly cognizable under the opponents' notices of appeal. We conclude that the city did not err.

In his second assignment of error, petitioner argues, *inter alia*, that LUBA erred in affirming the city's finding that the dwelling "would create a hazard on adjacent properties when there was not substantial evidence in the record to support this finding." The city responds that there was substantial evidence in the whole record to support its finding. It acknowledges, however, that LUBA "did not make any explicit substantial evidence determination on the 'Natural Hazards' issue." We agree that the LUBA order made no explicit determination, nor any discernible implicit determination, regarding that issue. Insofar as the city asks us to make the determination ourselves, rather than remanding for LUBA to do so, we have no authority to review the local findings in the first instance. ORS 197.850; *see Tigard Sand*

*and Gravel, Inc. v. Clackamas County*, 149 Or App 417, 943 P2d 1106, *on recons* 151 Or App 16, 949 P2d 1225 (1997), *rev den* 327 Or 83 (1998). We remand solely for the purpose of enabling LUBA to review the substantial evidence challenge to the "Natural Hazards" finding.

Reversed and remanded on substantial evidence issue for further proceedings not inconsistent with this opinion; otherwise affirmed.