Argued and submitted April 20, reversed on petition; reversed and remanded for further proceedings on cross-petition July 7, 1999

## Wes JOHNS,
*Petitioner - Cross-Respondent,*

*v.*

## CITY OF LINCOLN CITY,
*Respondent - Cross-Petitioner.*

## (LUBA No. 97-235; CA A105288)

984 P2d 864

Gary G. Linkous argued the cause and filed the briefs for petitioner - cross-respondent.

Christopher P. Thomas, City Attorney, argued the cause and filed the brief for respondent - cross-petitioner.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

### DEITS, C. J.

Petitioner seeks review and the City of Lincoln City cross-petitions from LUBA's decision affirming the city's denial of petitioner's application for a dwelling. We reverse on both the petition and the cross-petition and remand the decision to LUBA for further consideration.

■ We note initially that both petitioner's and cross-petitioner's briefs violate our rules, in that neither appends a copy of LUBA's opinion. ORAP 5.50(3). That is not simply a technical defect. The parties' failure to furnish a copy of the opinion for the court's review before oral argument interfered with the court's ability to prepare for the argument. In *Horizon Construction, Inc. v. City of Newberg*, 114 Or App 249, 251, 834 P2d 523 (1992), and *Larsson v. City of Lake Oswego*, 127 Or App 647, 649, 874 P2d 99, *rev den* 320 Or 110 (1994), *cert den* 513 US 1128, 130 L Ed 2d 882 (1995), we indicated that the appropriate remedy for a petitioning party's failure to comply with this requirement would be to strike its brief, at least in those cases where our review has been meaningfully impeded. In this case, however, both parties have sought review, and the result of our striking one brief or both would be to enable one party or the other to gain by its noncompliance. Given that unusual situation, we will reach the merits.

This case is before us for the third time. In general terms, two groups of parties appealed to the city planning commission and the city council from the planning director's approval of the dwelling. The Darnell appeal attempted to challenge the compatibility of the dwelling with the "natural hazards" standards of the city's zoning ordinance. The Morfitt appeal attempted to raise the question of whether the dwelling met the "aesthetic resource" provisions of the ordinance. In its first decision giving rise to LUBA's and our consideration of the case, the city denied the application on the basis of the issues ostensibly presented in both the Darnell and the Morfitt appeals. We reversed LUBA's decision, holding that the city and LUBA had erred in their application of statutory and local standards for testing the sufficiency of the local notices of appeal to raise the respective issues. *Johns v.*

*City of Lincoln City*, 146 Or App 594, 933 P2d 978 (1997) (*Johns I*). We instructed LUBA to remand the decision to the city

> "to determine whether either or both of the notices of appeal meet the specificity requirements of the ordinance as we interpret it and to decide only those questions that it may conclude have been adequately raised." *Id.* at 603 (footnote omitted).

On remand, the city again concluded that the respective notices sufficed to raise the "natural hazards" and "aesthetic resource" issues. The city decided alternatively that, whether or not the notices were adequate for that purpose, the city review bodies had the authority to consider the issues *sua sponte*. The city relied for the latter conclusion on our footnote in *Johns I*:

> "We emphasize that there is no question in this case about the scope of the issues that the reviewing bodies may consider if a hearing is initiated other than by a party's notice. We imply no answer to that question. We also imply no view as to whether the reviewing body may raise questions of its own, beyond those specified in the notice. The only question we consider in this part of our discussion is what a *party* may raise at the hearing under the circumstances and the ordinance provision in question." *Id.* at 602 n 1 (emphasis in original).

The city again denied the application, apparently on the basis of both the natural hazards and the aesthetic resources standards, and its decision was again affirmed by LUBA. We again reversed and remanded the decision to LUBA. *Johns v. City of Lincoln City*, 157 Or App 7, 967 P2d 894 (1998) (*Johns II*). We rejected the first of petitioner's two assignments, in which he contended that LUBA erred by holding that the Darnell notice of appeal was adequate to raise the issue of compliance with the natural hazards provision. However, we agreed with petitioner's argument in his second assignment that LUBA had not addressed the substantial evidence issue that he raised, and we remanded "solely for the purpose of enabling LUBA to review the substantial evidence challenge to the 'Natural Hazards' finding." *Johns II*, 157 Or App at 10.

On the remand after *Johns II*, LUBA first concluded that the city's brief in the appeal to it in *Johns I* did not adequately identify the favorable evidence or its location in the record to meet petitioner's substantial evidence challenge to the city's natural hazards findings. *See Eckis v. Linn County*, 110 Or App 309, 821 P2d 1127 (1991). LUBA next turned to issues that petitioner had raised but that it had not conclusively decided in the earlier appeals. On the first of those "revived issues," LUBA concluded that the city had erred in concluding that the Morfitt notice of appeal was adequate to present the issue of compliance with the aesthetic resources standard of the ordinance. However, LUBA then held, in effect, that the city's error made no difference because the city had correctly concluded that, after the *Johns I* remand, the city adjudicative bodies could reach the aesthetic resources issue *sua sponte*, whether or not the Morfitt notice was sufficient to present it. Further, LUBA sustained the city's holding on the merits that the dwelling would not comply with the aesthetic resource requirements. Finally, LUBA concluded that, because the noncompliance of the dwelling with either the aesthetic resources standards or the natural hazards standards was independently dispositive, the city's denial of petitioner's application should be affirmed.

■ Petitioner seeks review of LUBA's decision. He argues first that LUBA erred by considering matters other than whether there was substantial evidence supporting the city's natural hazards findings. He bases this argument on our statement in *Johns II* that we were remanding the case to LUBA "solely for the purpose" of enabling it to consider that question. To the extent that that statement can be read as limiting what LUBA *could* consider on remand, and admittedly it can reasonably be so read, we were wrong. There were other questions, which had been properly raised and which had not been dispositively decided by LUBA, that had a potential bearing on the outcome of the appeal, and there was no justification for precluding further consideration of those issues on remand.

■ Petitioner suggests that our statement nevertheless limited the scope of what LUBA could consider, on a "law of

the case" rationale. We need not decide whether that suggestion is correct. For a different reason that more clearly constitutes the "law of the case," we conclude that, after the first remand, the city could not properly consider aesthetic resources issues that had not been adequately raised by the Morfitt notice of appeal. Consequently, LUBA could not properly consider the city's resolution of those issues or affirm the city's decision on the basis of them.

As earlier indicated, our remand in *Johns I* expressly limited the city's consideration to "those questions that it may conclude have been adequately raised" by the two notices of appeal.[1] The city argues that it was proper for it to consider the aesthetic resources issue, whether or not it was adequately presented by the Morfitt notice, because the issue could be raised *sua sponte* by the city following the remand from LUBA. The city relies on our footnote in *Johns I*, quoted above, to support this argument. Our footnote, however, was intended only to make clear what we were and were not deciding. Specifically, the import of the footnote was that no question about the local bodies' authority to raise issues *sua sponte* was before us, because the case as it reached us required only that we interpret the ordinance as it pertained to the raising of issues by the parties. We did not intend by the footnote to suggest to the city that it could change the question and the goal posts *in this case* after the first appeal was over and hold that any issues it chose to reach that the parties had attempted unsuccessfully to raise could be treated as an exercise of its *sua sponte* authority. Our instructions on remand in *Johns I* were to the contrary. *See also Beck v. City of Tillamook*, 313 Or 148, 831 P2d 678 (1992).

Because it was improper for the city to raise the aesthetic resources issue on its own motion after the remand from LUBA, LUBA erred in affirming the decision on the basis of the city's disposition of that issue if, as LUBA held, the Morfitt notice of appeal did not raise the aesthetic

---

[1] As discussed below, we agree with LUBA's holding in the *present* appeal that the city erred in concluding that the Morfitt notice was sufficient to raise the aesthetic resources issue.

resources issue. In one of its two assignments in its cross-petition, the city argues that LUBA was wrong in holding that the Morfitt notice was inadequate to raise the issue. However, we agree with LUBA's reasoning and its conclusion that the notice was inadequate. Consequently, the city's decision is affirmable, if at all, only on the basis of the natural hazards issue.

On that issue, LUBA held that the city's failure to identify the evidence supporting its findings required that petitioners' substantial evidence challenge to the findings be sustained. The city challenges that holding in its other assignment in the cross-petition. The city contends that LUBA erred in holding that it had failed to make the necessary identification of the supporting evidence and its location in the record to resist petitioner's assignment regarding the lack of evidentiary support for the natural hazards findings. Specifically, the city maintains that, in the present appeal, LUBA should have considered the discussion on point in its brief in the *Johns II* appeal to LUBA but instead limited its consideration to the city's brief in the LUBA appeal in *Johns I*. The argument is facially correct, and neither LUBA's opinion nor petitioner's brief convinces us that it is not. The briefs from *both* of the earlier appeals were part of the record before LUBA in its most recent consideration of the case. We have examined the city's brief in the second LUBA appeal and are persuaded that the city presented a response to the assignment there that merits LUBA's consideration. Accordingly, we remand for LUBA to consider that matter, along with any others that may remain viable.

Both parties suggest, either overtly or by the tenor of their arguments, that we should decide the substantial evidence issue ourselves rather than remanding for LUBA to do so. Tempting as it might be for us to put an end to this case, we reject the invitation to exceed our authority by reviewing the local findings in the first instance, just as we rejected an identical invitation by the city in *Johns II*. 157 Or App at 9-10.

Our disposition makes it unnecessary that we reach the parties' other arguments.

Reversed on petition; on cross-petition, reversed and remanded for further proceedings not inconsistent with this opinion.