## MORSE BROS., INC.,
### an Oregon corporation,
*Respondent - Cross-Petitioner,*

*v.*

## COLUMBIA COUNTY,
*Petitioner - Cross-Respondent,*

*and*

## THE DEER ISLAND PRESERVATION SOCIETY
### and the City of Columbia City,
*Respondents - Cross-Respondents.*

### (LUBA No. 99-017; CA A108334)

996 P2d 1023

John K. Knight argued the cause and filed the briefs for petitioner - cross-respondent.

Steven R. Schell argued the cause for respondent - cross-petitioner. With him on the brief was Black Helterline LLP.

No appearance for respondents - cross-respondents.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief *amicus curiae* for Department of Land Conservation and Development.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

DEITS, C. J.

**DEITS, C. J.**

Columbia County petitions for review of LUBA's reversal of the county's denial of respondent Morse Bros.' (respondent) application for comprehensive plan and zoning amendments that would facilitate respondent's use of a 190-acre site for aggregate and mineral surface mining. LUBA concluded that the county's decision was contrary to Goal 5 and to OAR 660-023-0180, the amended implementing rule for aggregate and mineral resources that the Land Conservation and Development Commission (LCDC) adopted in 1996. LUBA held that the amended rule was directly applicable to the county's decision, because the county had not yet amended its own legislation to effectuate the amended rule. OAR 660-023-0180(7); *see* ORS 197.646. The county argues that LUBA misinterpreted LCDC's rule or, alternatively, that the rule is invalid. Most of those arguments are related to the ones we addressed in, and are adversely answered by, *Port of St. Helens v. LCDC*, 165 Or App 487, 996 P2d 1014 (2000).[1]

■■ The county raises one argument warranting discussion here that was not presented in *Port of St. Helens*. Under OAR 660-023-0180(4)(b)(F), a local government, in considering conflicts with proposed mining of a significant aggregate site, may consider

> "other conflicts for which consideration is necessary in order to carry out ordinances that supersede Oregon Department of Geology and Mining Industries (DOGAMI) regulations pursuant to ORS 517.780."

The county notes that it has adopted a Surface Mining Ordinance (SMO) that supersedes DOGAMI's regulations. Further, the county's SMO requires compliance with *all other* applicable county ordinances. The county reasons that, because of this, and despite the requirements of OAR 660-023-0180(7) to the contrary, it may directly apply *all* of its

---

[1] We would note that the county's opening brief violates our rules, in that no copy of LUBA's opinion is appended to it. *See Horizon Construction, Inc. v. City of Newberg*, 114 Or App 249, 251, 834 P2d 523 (1992). We would again emphasize that this is not just a technical violation of the court's rules. It is important to the court's preparation for argument that a copy of LUBA's opinion be included in the brief.

putatively pertinent ordinances to the application in this case. We agree with LUBA's response to the county's argument. LUBA held:

"We conclude that OAR 660-023-0180(4)(b)(f) only requires and allows consideration of additional conflicts under the SMO if such conflicts must be considered under the provisions of the 57-page SMO itself."

Accordingly, we affirm on the petition.[2]

■      Respondent cross-petitions from LUBA's holding that respondent was not entitled to recover attorney fees from the county. ORS 197.835(10) provides, in relevant part:

"(a)   The board [LUBA] shall reverse a local government decision and order the local government to grant approval of an application for development denied by the local government if the board finds:

"(A)   Based on the evidence in the record, that the local government decision is outside the range of discretion allowed the local government under its comprehensive plan and implementing ordinances[.]

"* * * * *

"(b)   If the board does reverse the decision and orders the local government to grant approval of the application, the board shall award attorney fees to the applicant and against the local government."

LUBA concluded that those provisions were inapplicable, because the basis for its reversal was that the county made a decision that was outside the range of discretion allowed under OAR 660-023-0180, LCDC's administrative rule, as distinct from being outside the discretionary range under the county's own comprehensive plan and ordinances. Respondent takes issue with both the accuracy and the

---

[2] Respondent argues that this court should not consider petitioner's challenge to the rule, because we lack jurisdiction to consider such a challenge. Respondent reasons that LUBA had no jurisdiction to consider the validity of the rule and, therefore, this court also lacks jurisdiction to do so in the context of this appeal. Respondent also argues that petitioner did not preserve the question of the validity of the rule before LUBA. We have already determined that the challenged rule is valid in our decision in *Port of St. Helens*. Nonetheless, we note that this court does have the authority to consider the validity of the administrative rule under these circumstances. *See Hay v. Dept. of Transportation*, 301 Or 129, 719 P2d 860 (1986).

meaningfulness of that distinction. It is unnecessary for us to decide that question, because LUBA's decision is affirmable on an alternative ground. The attorney fee requirement in ORS 197.835(10) arises only if LUBA reverses the local decision "*and* orders the local government to grant approval of the application[.]" (Emphasis added.) LUBA did not do that here. Rather, it concluded that, "[a]s a consequence of our reversal of the county's decision, the county must take any additional measures required to perform its obligations under OAR 660-023-0180(4)(e) and (f), consistent with this opinion." (Footnote omitted.) Both in terms and substance, LUBA's conclusion falls short of an outright direction to approve the application.

Affirmed on petition and cross-petition.