Submitted on record and briefs November 3, affirmed December 13, 2000

## Rose Marie OPP,
*Petitioner,*

*v.*

## CITY OF PORTLAND,
*Respondent.*

(LUBA No. 2000-001; CA A110946)

16 P3d 520

Rose Marie Opp filed the briefs *pro se* for petitioner.

Kathryn S. Beaumont filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

In November 1996, the Portland City Council approved a conditional use permit for a community center in a public park area. During a recess in the council's proceedings on the permit application, Mike Lindberg, then a member of the council, conversed briefly with a person in the audience, Cooley. Petitioner, an opponent of the application, appealed to LUBA. She contended, *inter alia*, that Lindberg's conversation with Cooley constituted an *ex parte* contact that was not disclosed on the record and that opponents were not given an opportunity to rebut. LUBA remanded the case to the city council to determine if Cooley was a person interested in the outcome of the proceedings under the applicable city code provision and, if so, to provide "petitioner an opportunity to rebut the substance of [Lindberg's] communication with Mr. Cooley[.]" *Opp v. City of Portland*, 33 Or LUBA 654, 657 (1997), *aff'd* 153 Or App 10, 955 P2d 768, *rev den* 327 Or 620 (1998).

The present controversy arises out of petitioner's subsequent appeal to LUBA from the city council's action in the proceedings on remand. Those proceedings began with a determination that Cooley was an interested person. Thereafter, as described by LUBA:

> "Lindberg then made a disclosure regarding the substance of the *ex parte* conversation with Cooley. Lindberg testified that he did not recall the nature of his discussion with Cooley, although he did not think he obtained information from Cooley that influenced his vote or the votes of the council. Following Lindberg's disclosure testimony, the council offered the parties an opportunity to rebut that testimony. The parties offered no rebuttal, on the grounds that Lindberg's statement had failed to disclose the substance of the communication, and there was nothing that could be rebutted. The parties then requested a plenary rehearing on the conditional use permit application. The council denied the request for a plenary rehearing, concluding that it 'heard nothing at the remand hearing that could lead the Council to question or reconsider the correctness of its earlier decision.' " (Footnotes omitted.)

In her appeal to LUBA, petitioner argued, as summarized in LUBA's opinion,

"that Lindberg's inability to recall the substance of the ex parte contact amounts to a failure to disclose, thereby denying petitioner her substantive right to a full and fair hearing. Petitioner argues that the city's conduct in this case violates ORS 227.180(3), because the city failed to disclose the substance of the *ex parte* contact at the first hearing following the communication, as the statute requires, or at any time thereafter. Accordingly, petitioner argues, the city erred in refusing petitioner's request for a plenary rehearing of the application, as required by *Horizon Construction, Inc. v. City of Newberg*, 114 Or App 249, 834 P2d 523 (1992)."[1] (Footnotes omitted.)

Petitioner relied on our statement in *Horizon Construction* that "[f]ailure to comply with ORS 227.180(3) requires a remand to the city council and a plenary rehearing on the application." 114 Or App at 254. It is not wholly clear whether petitioner understands *Horizon Construction* to establish a remedy that applies in every case where a city has failed to comply with ORS 227.180(3) or whether she simply regards this particular case to call for the same remedy that we prescribed in that case. In either event, petitioner construes our phrase "plenary rehearing" as meaning that the city council or other deciding entity must repeat its proceedings on the permit application in their entirety, including, for example, taking evidence and hearing arguments anew on all

---

[1] ORS 227.180(3) provides:

"No decision or action of a planning commission or city governing body shall be invalid due to *ex parte* contact or bias resulting from *ex parte* contact with a member of the decision-making body, if the member of the decision-making body receiving the contact:

"(a) Places on the record the substance of any written or oral *ex parte* communications concerning the decision or action; and

"(b) Has a public announcement of the content of the communication and of the parties' right to rebut the substance of the communication made at the first hearing following the communication where action will be considered or taken on the subject to which the communication related."

LUBA noted in its opinion that it was somewhat questionable whether ORS 227.180(3), rather than the local code provision, was apposite. However, LUBA concluded that the city did not challenge petitioner's premise that the state statute was applicable, and it proceeded to decide the appeal on the statutory ground. The city has not cross-petitioned to us from LUBA's treatment of that issue.

issues. Petitioner specifically contends that new presentations limited to any issues that are directly implicated by the *ex parte* contact, coupled with a reevaluation of the original record as it bears on other issues, cannot suffice.

LUBA agreed with petitioner that the city's proceedings after the first remand had not been adequate, and it again remanded the city's decision. However, LUBA did not agree with the more expansive aspects of petitioner's understanding of ORS 227.180(3) and *Horizon Construction*. After discussing case authority of its own and from this court, LUBA stated:

> "In sum, the Court of Appeals' decision in *Horizon Construction, Inc.*, * * * makes it clear that it is the party's right to a full and fair hearing that is protected under ORS 227.180(3) * * *. Where the city makes a decision in violation of ORS 227.180(3), *Horizon Construction, Inc.* requires that the local government provide a plenary rehearing. As discussed above, the scope of that rehearing must be sufficient to ensure that the city makes a decision that is untainted by uncured *ex parte* communications or, stated more broadly, a decision based solely on publicly disclosed evidence and testimony that is subject to rebuttal or the opportunity for rebuttal.

> "What remains is to apply the foregoing to the city's decision on remand in the present case. We agree with petitioner that former Commissioner Lindberg's inability to recall the substance of his communication with Cooley effectively nullifies petitioner's right to an opportunity to rebut that communication or, stated differently, to a decision untainted by undisclosed *ex parte* communications. The city adopted findings concluding, essentially, that nothing that was known or could be surmised about that communication showed that it affected the city's decision. However, the fact is that little, if anything, of the substance of that communication is known, which belies the city's confidence that it did not affect the city's original decision. More importantly, ORS 227.180(3) prohibits undisclosed *ex parte* communications, whether or not those communications in fact influence the city's original decision. Even more to the point, the integrity of the city's original decision is not the issue. As stated above, to comply with or remedy a violation of ORS 227.180(3), the city must make a decision based solely on publicly disclosed evidence and testimony

that is subject to rebuttal or the opportunity for rebuttal. The city's original decision did not meet the standard at the time it was adopted, and its integrity cannot be restored by undertaking a procedural exercise on remand. The city's only recourse on remand is to adopt a new decision on the application that is based solely on publicly disclosed evidence and testimony that is, or was, subject to rebuttal or the opportunity for rebuttal. However, the city failed to do so. It simply concluded that what was known or could be surmised about the *ex parte* communication gave it no reason to revisit its original decision, and then ended the proceedings. That is insufficient to satisfy the remedial purpose of ORS 227.180(3) or *Horizon Construction, Inc.*"

At a more mechanical level, LUBA also indicated in its opinion that the proper procedure to be followed by a city on remand of a decision made in violation of ORS 227.180(3) would be to provide a fair opportunity for the interested persons to develop and present evidentiary and argumentative responses to the matter disclosed by the recipient of the contact; to consider the responsive matter, *if any*, together with all of the evidence in the *existing* record; to make any additional or different findings that may be indicated from those in the original decision; and to reach a decision based on the original evidence and findings as supplemented in that manner. *See Schwerdt v. City of Corvallis*, 163 Or App 211, 216, 987 P2d 1243 (1999); *on appeal following remand* 38 Or LUBA 174 (2000).

■      Petitioner now seeks our review and argues that LUBA erred by not ordering the city to conduct the *ab initio* proceedings that she understands ORS 227.180(3) and *Horizon Construction* to require. Summarily put, we agree with LUBA's opinion, insofar as we have summarized and quoted from it. We acknowledge that our choice of the word "plenary" in *Horizon Construction* may have been unfortunate, insofar as it might suggest that a complete reiteration of the local proceedings should *ever* be required to remedy a failure to disclose a contact that, in substance, does not pertain to all of the matters that were the subject of evidence and argument in the original proceedings. Be that as it may, however, nothing in *Horizon Construction* suggests that that or any other remedy should be the exclusive one in *all* cases where the city deciding body has failed to comply with ORS

227.180(3). Rather, the remedy should be tailored to rectify the evil at which it is directed, in light of the particular circumstances of the case.

■       As a general proposition, an adequate remedy is a remand that assures (1) that interested persons be made aware of the substance of the *ex parte* communication; (2) that they be afforded the opportunity to prepare and present evidentiary and rhetorical responses to the substance of the communication; and (3) that the deciding body reevaluate its original decision, and issue an appropriate new written decision, taking into account the evidence and argument in the original record viewed together with the evidence and argument presented on remand. Seldom, if ever, would it be likely that the substance of the improper communication would be so pervasive that it would affect all of the issues in the case, and only in those rare instances would a new presentation going to all of the issues—as distinct from a new evaluation of the original record with respect to the unaffected issues—be an essential part of the remedy or of the proceedings on remand.

Petitioner maintains, however, that the broadest possible remand is in order here, because of the "impossibility of disclosure of the substance of [the] *ex parte* communication, and hence of rebuttal." As an abstract proposition, we might agree with petitioner that, if the substance of a communication cannot be recalled and disclosed, it cannot be known what issues it did or did not relate to; hence, rebuttal is impossible, and the past or present ability of the deciding body to base its disposition solely on the original evidence and argument, uninfluenced by the communication, cannot be categorically guaranteed. Of course, it is equally true, as an abstraction, that the more difficult it is to recall the substance of a communication, the less likely it is that the communication was regarded as significant by or influenced the hearer at the time it was made.

It may become necessary for us to resolve that conundrum on some later occasion when the two abstract possibilities are in equipoise. In this case, however, they are not. While Lindberg was not able to remember the substance of his communication with Cooley, he did affirmatively state

in his testimony his recollection that he did not impart the communication to his fellow council members, at least three of whom—a majority independently of Lindberg—voted to approve the permit in the original proceeding.[2]

The nature and scope of the remand ordered by LUBA were adequate under the circumstances of this case.

Affirmed.

---

[2] Because Lindberg is no longer on the council, there is no tangible possibility that the substance of the communication can *now* be imparted to the present members of the council.